**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**AVA R. COLEMAN**                                                          **PLAINTIFF**

**VS.**                                          **CAUSE NO.: 1:16-CV-00289-LG-RHW**

**MISSISSIPPI DEPARTMENT OF MARINE**
**RESOURCES; JAMIE MILLER, INDIVIDUALLY**
**AND AS EXECUTIVE DIRECTOR/AGENT OF THE**
**MISSISSIPPI DEPARTMENT OF MARINE RESOURCES;**
**AND JOHN/JANE DOES 1-2**                                    **DEFENDANTS**

**MEMORANDUM OF AUTHORITIES IN SUPPORT OF**
**DEFENDANT JAMIE M. MILLER MOTION TO DISMISS**

**COMES NOW** Jamie M. Miller, one of the Defendants in the above styled and

numbered cause, by and through counsel, and submits this his Memorandum of

Authorities in Support of his Motion to Dismiss, and would show unto the court as

follows:

**I. INTRODUCTION**

Coleman instituted this action against Defendants by filing a Complaint on April

16, 2016.   She filed her First Amended Complaint on July 7, 2016. Named as

defendants are the Mississippi Department of Marine Resources and Jamie M. Miller, its

Executive Director.   Coleman alleges that she has been subjected to employment

discrimination and a hostile work environment.   She contends that both Defendants

violated the Fourteenth Amendment to the Constitution, 42 U.S.C. §1983, 42 U.S.C.

§1986 and 42 U.S.C. §1986. She also asserts state law claims against both Defendants

for breach of an employment contract, intentional and negligent infliction of emotional

distress, and malicious interference with contract. She claims that Defendant Mississippi

Department of Marine Resources violated Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act of 1990, and the Age Discrimination in Employment Act. On August 9, 2016, these Defendants filed their Notice of Removal and removed the case to this Court.

For the reasons which follow, it is clear that the claims against Miller should be dismissed because Coleman has failed to state a claim upon which relief can be granted against him.

## II.  FRCP RULE 12(b)(6)

When, in any cause, it appears beyond a doubt that a plaintiff could prove no set of facts in support of his claims which would entitle him to relief, the complaint should be dismissed.  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  When evaluating a motion to dismiss, the court must assume everything in plaintiff's complaint is true and construe the allegations in the light most favorable to plaintiff.  *H.J., Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 249-50 (1989).  Further, a dismissal under 12(b)(6) is not warranted simply because "the district court believes the plaintiff is unlikely to prevail on the merits."  *Clark v. Amoco Production Co.*, 794 F.2d 967, 970 (5th Cir.1986).   A 12(b)(6) dismissal is appropriate, however, when the complaint "on its face show[s] a bar to relief."  *Id.*  Indeed, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face" to survive a rule 12(b)(6) motion.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).   This "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  As set forth below, accepting all of the allegations in Coleman's First Amended Complaint as

2

true for the purposes of this motion, the First Amended Complaint fails to state a viable claim for relief against Miller.

### III.   COLEMAN CANNOT MAINTAIN A CAUSE OF ACTION DIRECTLY UNDER THE CONSTITUTION OF THE UNITED STATES

Coleman alleges a violation of the Fourteenth Amendment to the Constitution of the United States.  First Amended Complaint, ¶¶18-21.  Prosecution of actions directly under the Constitution are only allowed in the absence of any other procedural vehicle as a matter of necessity in order to provide some means of seeking redress *Berger v. City of New Orleans*, 273 F.3d 1095 (5th Cir. 2001) (*per curiam*); *Hearth, Inc. V. Dept. of Pub. Welfare*, 617 F.2d 381, 382 (5th Cir. 1980) (*per curiam*).  The reluctance of courts to allow direct causes of action under the Constitution "stems from many concerns, not the least of which is our awareness that the framers of the Constitution saw fit to entrust the job of legislating to the Congress."  *Hearth, Inc.*, *supra* at 382.  When, as here, a statutory mechanism is available, a plaintiff is required to pursue his claims under its auspices.  *Id.* at 382-83; *Berger*, *supra*.  Because Coleman has the option of pursuing her Fourteenth Amendment claims under 42 U.S.C. § 1983, she must do so in order to state a claim.  *Id*.

### IV.  THE OFFICIAL CAPACITY CLAIM UNDER 42 U.S.C. §1983 FAILS

Dismissal of the claim based on 42 U.S.C. §1983 against Miller in his official capacity is required.  A §1983 claim against a governmental officer in his official capacity represents the same claim as the one against the governmental entity.

*Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985).  In such a case, the real party in interest is the entity, not the individual.  *Id.* at 166.  The United States Supreme Court in *Will v. Michigan Dept. of State* Police, 491 U.S. 58 (1989), made clear that "[s]ection 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties."  *Id.* at 66.  Since state officers assume the identity of the government that employs them, they are not "persons" for purposes of the suit.  *Hafer v. Melo*, 502 U.S. 21, 27 (1991) (*citing Will v. Michigan Dept. of State Police, supra*.).

This portion of this motion is based on the holding in *Will v. Michigan Dept. of State Police, Id.*  It is not based upon Eleventh Amendment immunity, which presumably was waived through the removal of this case from the Circuit Court of Harrison County, Mississippi.  *See Lapides v. Board of Regents of University System of Georgia*, 535 U.S. 613 (2002).  In *Lapides*, the Court limited its answer regarding waiver of immunity to state-law claims and reasserted its prior holding "that a State is not a 'person' against whom a §1983 claim for money damages might be asserted."  *Id.* at 617 (*citing Will, supra*).  *See also Senu-Oke v. Jackson State University*, 521 F.Supp.2d 551, 555-56 (S.D. Miss.2007).  Accordingly, Coleman's claim against Miller in his official capacity under 42 U.S.C. §1983 is due to be dismissed.

## V.  <u>MILLER IS ENTITLED TO QUALIFIED IMMUNITY</u>

The qualified immunity doctrine provides that "[p]ublic officials acting within the scope of their official duties are shielded from civil liability . . ." to the extent that "their conduct does not violate clearly established statutory of constitutional rights of which a

reasonable person would have known." *Kipps v. Caillier*, 197 F.3d 765, 768 (5th Cir.1999) (quoting *Harlow v. Fitzferald*, 457 U.S. 800, 818 (1982)).  The defense of qualified immunity is available to state actors who are sued under 42 U.S.C. §1981 and 42 U.S.C. §1983.  *See Foley* v. *University of Houston Sys.*, 355 F.3d 333, 338 (5th Cir.2003).  Once the defense of qualified immunity is raised, the burden shifts to the plaintiff to overcome it.  *Burnes-Toole v. Byrne*, 11 F.3d 1270, 1274 (5th Cir.1994); *Elliott v. Perez*, 751 F.2d 1472 (5th Cir.1985).  This burden requires plaintiff to come forth with specific, relevant admissible facts showing (1) that her statutory or constitutional rights were violated and (2) that the actions of defendant state actor was objectively unreasonable.

> [Plaintiff's] complaint must allege "with particularity **all** material facts on which [the claimant] contends he will establish his right to recovery, which will include detailed facts supporting the contention that the plea of immunity cannot be sustained."  (emphasis added).

*Morrison v. City of Baton Rouge*, 761 F.2d 242, 244-5 (5th Cir.1985), citing *Elliott*, at 1482.  Coleman has the burden to "state with factual detail and particularity the basis for the claim which necessarily includes why the defendant-official cannot successfully maintain the defense of immunity." *Elliott v. Perez*, 751 F.2d 1472, 1473 (5th Cir.1985); *Schultea v. Wood*, 47 F.3d 1427 (5th Cir.1995); and *Wicks v. Mississippi State Employment Services*, 41 F.3d 991, 995 (5th Cir.1995) ("Heightened pleading demands more than bald allegations and conclusory statements.").  Here, Coleman has failed to provide any factual detail and particularity regarding the basis for the claims against Miller.

Whether a state actor is entitled to be dismissed based on qualified immunity is determined by the following analysis: First, the court must "determine whether the plaintiff has alleged the deprivation of a constitutional right at all" *Kipps*, *supra* (quoting *Wilson v. Layne*, 526 U.S. 603, 609 (1999)); if the court so concludes, it must next "determine whether that right was clearly established at the time of the alleged violation." *Id.* "Finally the court 'must determine whether the record shows that the violation occurred, or at least whether the defendant actually engaged in the conduct that violated the clearly established right'." *Id.* (quoting *Morris .v Dearborne*, 181 F.3d 657, 666 (5th Cir.1999)).  Coleman has failed to allege the deprivation of a constitutional right.

If it is determined that the state actor's conduct was unconstitutional, then the court must decide whether the conduct was nonetheless 'objectively reasonable'." *Id.* Subjective intent, motive, or even outright animus are irrelevant to this determination just as good intent is not a defense to a violation of clearly establish law which is objectively unreasonable. *Mendenhall v. Riser, et al.*, 213 F.3d 226 (5th Cir.2000), citing *Anderson v. Creighton*, 483 U.S. 635, 641 (1987) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 815-20 (1982).

### A.    §1983 - Equal Protection Clause of the Fourteenth Amendment

"The Equal Protection Clause directs that all similarly circumstanced shall be treated alike." *Plyler v. Doe*, 457 U.S. 202, 216 (1982).  The United States Supreme Court has established that a "class-of-one" cause of action is not cognizable under the Equal Protection Clause in the public employment context.  *Engquist v. Oregon Dep't of*

6

*Agriculture*, 553 U.S. 591 (2008).  Since Coleman was undisputedly employed by the Mississippi Department of Marine Resources in the public employment context, her equal protection claims must fail as a matter of law under *Engquist*.  Consequently, Coleman has not adequately or at all alleged a violation of a "clearly established" constitutional right as to her equal protection claims.  Furthermore, "[t]o state an equal protection claim, ...[p]laintiffs must allege, *inter alia*, that similarly situated individuals have been treated differently."  *Yates v. Stalder*, 217 F.3d 332, 334 (5th Cir. 2000).  She fails to allege that she was treated differently than any similarly situated individuals. Miller is entitled to qualified immunity from the purported equal protection claim.

**B.     §1983 - Procedural Due Process**

Procedural due process means that individuals "whose [life, liberty, or property] rights are to be affected are entitled to be heard; and in order that they may enjoy that right, they must first be notified."  *Hamdi v. Rumsfeld*, 542 U.S. 507, 533 (2004) (citations omitted).  However, Coleman has failed to identify a protected property interest.  This is the first requirement for a procedural due process claim under 42 U.S.C. §1983.  *San Jacinto Sav. & Loan v. Kacal*, 928 F.2d 697, 700 (5th Cir. 1991).

To establish a deprivation of a constitutional right, Coleman must show that she had a property interest in her employment.  "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it.  He must have more than a unilateral expectation of it.  He must, instead, have a legitimate claim of entitlement to it."  *Board of Regents v. Roth*, 409 U.S. 564, 577 (1972).  In determining whether a person has a legitimate claim of entitlement to a benefit, the court must look

to "existing rules or understandings that stem from an independent source such as state law – rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Id.*

Claims of entitlement spring from expectations that are "justifiable," *Vitek v. Jones,* 445 U.S. 480, 489 (1980), "protectible," *Grenholtz v. Nebraska Penal Inmates,* 442 U.S. 1, 7 (1979) "sufficient," *Bishop v. Ward*, 426 U.S. 341, 344 (1976), or "proper," *Id* at 369 (dissenting opinion).   In contrast, the Constitution does not recognize expectancies that are "unilateral," *Board of Regents v. Roth, supra*, or "too ephemeral and insubstantial."  *Meachum v. Fano*, 427 U.S. 215, 228 (1976).

Coleman's expectations were unilateral.   On April 16, 2014, the statute that established the Mississippi Department of Marine Resources was amended.  *See* §49-15-11 of the Mississippi Code of 1972, as amended.   This amendment gave the Executive Director the authority to reorganize the department for a period of six months after April 16, 2014.  *Id.*  During this period, his personnel actions were exempt from the rules, regulations, and procedures of the State Personnel Board.   *Id.* Coleman's termination from employment occurred during this six month period.  As such, she did not have the state service protection in employment during this time.

Thus, Coleman fails to show that Miller violated her "clearly established" procedural due process rights.  He is entitled to qualified immunity from the procedural due process claim.

8

### C.      §1983 Substantive Due Process

Substantive due process "bars certain arbitrary, wrongful government actions regardless of the fairness of the procedures used to implement them." *Zinermon v. Burch*, 494 U.S. 113, 125 (1990) (quoting *Daniels v. Williams*, 474 U.S. 327, 331 (1986). In fact, "only the most egregious official conduct can be said to be arbitrary in the Constitutional sense." *McClendon v. City of Columbia*, 305 F.3d 314, 325-26 (5th Cir.2002). Coleman does not allege any fact allegations whatsoever that suggest that Miller engaged in conduct that violated her substantive due process rights, i.e. engaged in arbitrary conduct. Conclusory allegations and unwarranted factual deductions will not suffice to avoid a motion to dismiss. *See U.S. ex rel. Willard v. Humana Health Plan of Texas, Inc.*, 336 F.3d 375, 379 (5th Cir.2003). Rather, a plaintiff must plead with a certain level of specificity the relevant operative facts. *See, e.g. Holdiness v. Stroud*, 808 F.2d 417, 424 (5th Cir.1987). Additionally, Coleman has not met and cannot meet the heightened pleading standard the Fifth Circuit imposes on Plaintiffs bringing a §1983 claim against a public official. *Baker v. Putnal*, 75 F.3d 190, 195 (5th Cir.1996) ; *Nunzez* v. Simms, 341 F.3d 385, 388 (5th Cir.2003). Since Coleman is unable to prove that Miller violated her "clearly established" substantive due process rights, this claim fails. Miller is entitled to qualified immunity from the substantive due process claim.

Since Coleman is unable to prove that Miller violated her "clearly established" rights, her claim based on 42 U.S.C. §1983 fails. Accordingly, Miller is entitled to qualified immunity from Coleman's claim based on 42 U.S.C. §1983 against him in his individual capacity.

9

## VI.  MILLER IS NOT SUBJECT TO LIABILITY UNDER 42 U.S.C.§1985

Coleman has also alleged that Miller violated 42 U.S.C. §1985.  Dismissal of this claim is warranted for the fundamental reason that "a state agency and its officers represent a single entity; as a matter of law state officials of a single agency generally cannot conspire with their employer agency or with one another in the carrying out of their official duties as agency employees."  *Fontenot v. Texas*, 1994 WL 733405, 4 (5th Cir. 1994) (citation omitted).  Accordingly, Coleman's claim based on 42 U.S.C. §1985 should be dismissed.

## VII.  MILLER IS NOT SUBJECT TO LIABILITY UNDER 42 U.S.C. §1986

Coleman has also alleged that Miller violated 42 U.S.C. §1986.  42 U.S.C. §1986 creates "a cause of action against those who neglect or refuse to prevent wrongful acts committed pursuant to a Section 1985 conspiracy."  *Pardue v. Jackson County, Mississippi*, 2015 WL 1867145 (S.D.  Miss. 2015) at *4. "[A] valid §1985 claim is a prerequisite to a §1986 claim…". *Bryant v. City of Madison*, 213 F.3d 267, 276 (5th Cir. 2000).  Since Coleman does not have a valid claim based upon §1985, her §1986 claim must fail.

## VIII.  COLEMAN'S CLAIM FOR BREACH OF AN EMPLOYMENT CONTRACT  IS BARRED BY THE STATUTE OF LIMITATIONS

In Mississippi, a cause of action for the breach of "an unwritten contract of employment shall be commenced within one (1) year next after the cause of such action accrued, and not after." §15-1-29 of the Mississippi Code of 1972, as amended.  Here, Coleman's termination from employment occurred on October 9, 2014, and her claim for breach would have accrued that day.  This action was not commenced until April 6, 2016 when the original Complaint was filed in Harrison County Circuit Court.  There is no indication

10

that the employment relationship between Coleman and the Mississippi Department of Marine Services was other than an unwritten contract.  Coleman does not allege that she had a written contract of employment.  Therefore, the one year statute of limitations is applicable and Coleman's breach of contract claim is barred by the statute of limitations.

## IX.  THE MISSISSIPPI TORT CLAIMS ACT

Coleman makes state law claims of intentional infliction of emotional distress, negligent infliction of emotional distress, and malicious interference with contract, in Counts IV, V, and VI of her First Amended Complaint.  At common law, the State was absolutely immune from civil actions in tort.  See §11-46-3 of the Mississippi Code of 1972, as amended (legislative finding of absolute immunity).  However, in 1993, the State Legislature enacted the current statutory framework whereby this absolute soverign immunity might be waived in certain circumstances. The Mississippi Tort Claims Act, §11-46-1, *et seq.* of the Miss. Code of 1972, as amended, "provides the exclusive civil remedy against a governmental entity and its employees for acts or omissions which give rise to a suit."  *City of Jackson v. Sutton*, 797 F.2d 977, 981 (Miss.2001).

Coleman's state law claims are subject to dismissal based upon immunity under this act.  Section 11-46-9(1)(d) specifically provides exemption from liability for a governmental entity "[b]ased upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a governmental entity or employee thereof, whether or not the discretion be abused."  The Mississippi Supreme Court has held that employment decisions are discretionary.  *See Levens v. Campbell*,

11

733 So.2d 753, 763-64 (Miss.1999).   *See also Suddith v. University of Southern Mississippi*, 977 So.2d 1158 (Miss. Ct. App.2007), and *City of Jackson v. Powell*, 917 So.2d 59 (Miss.2005).   Indeed, in *Suddith* the tort claims in that were found to be barred by the discretionary duty exemption included intentional and negligent infliction of emotional distress and tortious interference with an employment contract. Accordingly, Miller has immunity under the Act pursuant to §11-46-9(1)(d) and is exempt from liability for these state law claims. *Supra* at 1177.

## VIII.   CONCLUSION

For all the above and foregoing reasons, Defendant Miller's motion should be granted and he should be dismissed as a party for failure to state a claim upon which relief may be granted.

RESPECTFULLY SUBMITTED, this the 18th day of August, 2016.


**JAMIE M. MILLER, Defendant**

**BY:   JIM HOOD, ATTORNEY GENERAL**
**STATE OF MISSISSIPPI**

BY:   *s/ Peter W. Cleveland*
PETER W. CLEVELAND, MSB NO. 6301
SPECIAL ASSISTANT ATTORNEY GENERAL

Office of the Attorney General
Civil Litigation Division
Post Office Box 220
Jackson, Mississippi  39205-0220
Telephone: (601) 359-3822
Facsimile:  (601) 359-2003
pclev@ago.state.ms.us

## CERTIFICATE OF SERVICE

I, Peter W. Cleveland, Special Assistant Attorney General for the State of Mississippi, do hereby certify that on this date I caused to be electronically filed the foregoing **Memorandum of Authorities in Support of Defendant Jamie M. Miller's Motion to Dismiss** with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

Kaye J. Persons
KAYE J. PERSONS, PLLC
14445 Jim Byrd Road
Biloxi, MS  39532

**THIS**, the 18th  day of August, 2016.

_s/ Peter W. Cleveland_
PETER W. CLEVELAND

13