IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

AVA R. COLEMAN                                                        PLAINTIFF

v.                                               CAUSE NO. 1:16CV289-LG-RHW

MISSISSIPPI DEPT. OF MARINE RESOURCES,
JAMIE M. MILLER, Individually and as Executive
Director/Agent, and JOHN/JANE DOES 1-2                DEFENDANTS

MEMORANDUM OPINION AND ORDER
GRANTING MOTION TO DISMISS

BEFORE THE COURT is the Motion [3] to Dismiss pursuant to Fed. R. Civ.

P. 12(b)(6) filed by Defendant Jamie M. Miller in his individual and official capacity.

Plaintiff Ava R. Coleman has responded, and Miller has replied.  After due

consideration of the submissions and the relevant law, it is the Court's opinion that

Miller has shown that Coleman failed to state a plausible claim against him.

Accordingly, the claims against Miller are dismissed, and Plaintiff is granted an

opportunity to file a second amended complaint.

BACKGROUND

Plaintiff Ava Coleman filed this lawsuit in the Circuit Court of Harrison

County, Mississippi, complaining of termination from her long-time employment

with the State of Mississippi.  She had been employed by the Department of

Wildlife, Fisheries and Parks as the Lyman Fish Hatchery Manager for fifteen

years when, in 2007, she was asked to transfer to the Mississippi Department of

Marine Resources ("MDMR").  She was to remain the Hatchery Manager, but she

would be required to move from her on-site residence at the Hatchery.

Coleman alleges that shortly after accepting the transfer, she began experiencing harassment and hostilities from the MDMR Chief of Staff, Joe Ziegler. She alleges during the next year, Ziegler did not supply her with the assistance and supplies she needed, locked her out of her office, placed an unqualified person as her supervisor, and lodged "bogus" disciplinary actions against her.

Coleman filed grievances concerning Ziegler's actions to the Mississippi Employee Appeals Board. She alleges that an informal recommendation was made that the MDMR find a suitable position for her. After she returned to work and waited for a resolution, she found that she needed to request an extended medical leave to manage her feelings of anxiousness and fearfulness. Her request was granted in May 2008. Slightly more than one year later, in June 2009, Coleman returned to work. She was placed in a low-level, non-managerial, non-supervisory job at the MDMR and moved from her residence at the Hatchery. She then filed a Workers' Compensation Claim for job-related emotional distress, which resulted in a settlement in September 2014. A few weeks later, Coleman was terminated by letter from Defendant Jamie Miller, effective October 9, 2014. (Am. Compl. Ex. A, ECF No. 7). Although Miller's letter does not so state, Coleman alleges she was terminated for leaving the workplace without authorization.

**The Complaint and Motion to Dismiss**

Coleman's First Amended Complaint contains nine Counts. Two consist of Fourteen Amendment claims (Counts One and Two). Four are state law claims of breach of contract, interference with contract, and infliction of emotional distress

(Counts Three through Six). The last three are directed only to the MDMR, alleging

employment discrimination under Title VII, the Americans with Disabilities Act,

and the Age Discrimination in Employment Act (Counts Seven, Eight and Nine).

Defendant Jamie Miller moves for dismissal of the claims against him.

Miller argues that Coleman has not stated viable Fourteenth Amendment claims,

and that the state law claims are either barred by the statute of limitations or

qualified immunity. Coleman responded to the arguments concerning her

constitutional claims against Miller, but not the arguments concerning her state

law claims.

DISCUSSION

**The Legal Standard**

When considering a motion to dismiss under Rule 12(b)(6), the Court must

accept all well-pleaded facts as true and view those facts in the light most favorable

to the plaintiff. *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461 (5th Cir. 2010).

However, "[f]actual allegations must be enough to raise a right to relief above the

speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "To survive

a motion to dismiss, a complaint must contain sufficient factual matter, accepted as

true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged."

*Id.* Whether this standard has been met is "a context-specific task that requires the

reviewing court to draw on its judicial experience and common sense." *Id*. at 679.

**Fourteenth Amendment Claims**

    **1. Count I**

Miller first argues for dismissal of Count I of the Complaint, which alleges

violation of substantive and procedural due process rights under the Fourteenth

Amendment, because these rights are not directly redressable. Instead, a plaintiff

must pursue Fourteenth Amendment claims through 42 U.S.C. § 1983. *Burns-Toole*

*v. Byrne*, 11 F.3d 1270, 1273, n.3 (5th Cir. 1994). Miller argues that Coleman fails

to specify that her Fourteenth Amendment claims are brought pursuant to 42

U.S.C. § 1983. When the allegations of Count I are read together with the

allegations of Count II, however, this deficiency is corrected. In Count II, Coleman

incorporates her earlier allegations and seeks recovery for deprivation of her

constitutional rights pursuant to § 1983. (Am. Compl. 9 (¶¶ 22-23), ECF No. 1-2).

The Court finds this pleading sufficient to satisfy the requirement that a civil rights

plaintiff utilize § 1983 to prosecute Fourteenth Amendment claims.

    **2. Official Capacity**

Next, Miller argues that the § 1983 claims brought against him in his official

capacity should be dismissed, because the state is the real party in interest. "[A]n

official-capacity suit against a state officer 'is not a suit against the official but

rather is a suit against the official's office. As such it is no different from a suit

against the State itself.'" *Hafer v. Melo*, 502 U.S. 21, 26 (1991) (quoting *Will v.*

*Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989)). Because the state agency is a

named defendant in this lawsuit, the Court finds it appropriate to dismiss the official-capacity § 1983 claims against Miller.

### 3.  Personal Capacity - Qualified Immunity

In his personal capacity, Miller argues that he is entitled to qualified immunity from Coleman's § 1983 claims.  Qualified immunity is a shield from individual liability for "government officials performing discretionary functions . . . as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated." *Good v. Curtis*, 601 F.3d 393, 400 (5th Cir. 2010) (quoting *Anderson v. Creighton*, 483 U.S. 635, 638 (1987)).  "[Q]ualified immunity generally protects 'all but the plainly incompetent or those who knowingly violate the law.'" *Id*. (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)).

Courts use a two-step analysis to determine whether qualified immunity applies.  "[A] court addressing a claim of qualified immunity must determine first whether the plaintiff has adduced facts sufficient to establish a constitutional or statutory violation." *Collier v. Montgomery*, 569 F.3d 214, 217 (5th Cir. 2009) (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)).  Second, if a violation has been alleged, the Court must determine "whether [the officer's] actions were objectively unreasonable in light of clearly established law at the time of the conduct in question." *Id*. (quoting *Freeman v. Gore*, 483 F.3d 404, 411 (5th Cir. 2007)).  "When a defendant raises qualified immunity, the burden is on the plaintiff to 'demonstrate the inapplicability of the defense.'" *Coleman v. Marion Cty.*, No.

2:14cv185-DPJ-FKB, 2015 WL 5098524, at *6 (S.D. Miss. Aug. 31, 2015) (quoting

*McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002)).  "[A] court

considering a motion to dismiss can choose to begin by identifying pleadings that,

because they are no more than conclusions, are not entitled to the assumption of

truth."  *Iqbal*, 556 U.S. at 679.  As for the remaining "well-pleaded factual

allegations, a court should assume their veracity and then determine whether they

plausibly give rise to an entitlement to relief."  *Id.*

Miller argues that "Coleman has failed to provide any factual detail and

particularity regarding the basis for the claims against Miller."  (Miller Mem. 5,

ECF No. 4).  The portion of the Amended Complaint that refers to Miller states that

> Miller [ ] summarily terminated [Coleman] on Oct. 9, 2014 "without
> cause or advanced notice" and without ". . . state service protection . . ."
> based upon his mere assertion that ". . . it is in the best interest of the
> Mississippi Department of Marine Resources . . . to terminate [Ms.
> Coleman's] employment as Marine Fisheries Scientist V . . . ." during a
> convenient, limited time period in which the agency asserts ". . .
> exempt[ion] from State Personnel Board rules, regulations, and
> procedures . . . " which are rooted in constitutionally-protected rights
> and were specifically designed to protect state employees such as Ms.
> Coleman.  Defendants sham method and manner in deciding to
> terminate Ms. Coleman's employment without due process, refusing to
> afford Ms. Coleman any opportunity to refute any alleged evidence
> against her was arbitrary and capricious in violation of Ms. Coleman's
> constitutional rights . . . .

(Am. Compl. 4-5 (¶5), ECF No. 1-2).  Coleman alleges that the termination took

place

> immediately following an incident in which she was wrongly accused of
> "leaving the workplace on the morning of October 9, 2014," while
> allegedly ". . . not on authorized leave. . .;" "without prior approval;"
> and ". . . after being advised by Mr. Jewell that he wanted to meet . . .

later that morning" even though Ms. Coleman was on personal leave preparing to travel to visit her daughter in another state after her leave request had been verbally approved, in accordance with common practice, by her supervisors who were also aware of her planned trip to visit her daughter.

(Am. Compl. 7-8 (¶15), ECF No. 1-2).

### a) Procedural Due Process

Coleman's allegations are that Miller's reliance on an exemption from the usual employee protections to terminate her employment without any notice was in violation of her Fourteenth Amendment due process rights. Coleman refers to the exemption found in the MDMR Accountability and Reorganization Act, codified at Miss. Code Ann. § 49-15-11. For six months after April 16, 2014, the Act authorized the Executive Director of the Department of Marine Resources to make personnel changes without regard to State Personnel Board rules, regulations and procedures. Miss. Code Ann. § 49-15-11(2). Coleman was terminated during this six-month period.

Miller requested clarification of his authority under the Act from the Office of the Mississippi Attorney General, who affirmed that the Act "exempts the executive director of MDMR from [Mississippi State Personnel Board] procedures for a six month period after its passage in order to reorganize the department. The executive director may make personnel changes without MSPB approval including termination and reorganization of staff and salary adjustments." Re: Senate Bill 2579 (2014), Op. Miss. Att'y Gen. 2014-00206, 2014 WL 3572785, at *1 (Miss. A.G. June 6, 2014). As the Mississippi Attorney General noted, the legislature may alter

property rights previously extended to certain state employees without violating the Constitution. "The Fifth Circuit Court of Appeals has stated 'The Supreme Court long ago established that, when a legislature extinguishes a property interest via legislation that affects a general class of people, the legislative process provides all the process that is due.'" *Id.* at *2 (quoting *McMurtray v. Holladay*, 11 F.3d 499 (5th Cir. 1993); *Bi-Metallic Inv. Co. v. State Bd. of Equalization*, 239 U.S. 441 (1915)).

In the *McMurtray* case cited by the Mississippi Attorney General above, the Fifth Circuit Court of Appeals examined a similar exemption from Mississippi State Personnel Board procedures, codified at Miss. Code Ann. § 57-1-1. *McMurtray*, 11 F.3d at 501. The exemption was for one year to allow reorganization of the Department of Economic Development. The court held that Department of Economic Development employees had a property interest in their employment, but it was extinguished or suspended by the legislature for the one-year period. *Id.* at 504. The court went on to hold that employees who were terminated without the usual procedures during the one-year period had not been denied due process, because the legislative process provided all the process that was due. *Id.*

There are no material distinctions between this case and *McMurtray*. The property interest Coleman had in her state employment was terminated or suspended by the legislature for a six-month period beginning April 16, 2014. She was terminated without the usual Mississippi State Personnel Board procedures

during the six-month period.  She received all the process she was due through the

legislative process when it enacted the MDMR Accountability and Reorganization

Act.  Therefore, Coleman's allegations that she was terminated without State

Personnel Board procedures do not state a procedural due process claim.  Miller is

entitled to qualified immunity in regard to this claim.

> b) *Substantive Due Process*

To demonstrate a violation of substantive due process "in the public

employment context, the plaintiff must show that the public employer's termination

of her employment was arbitrary or capricious."  *Babin v. Breaux*, 587 F. App'x 105,

112 (5th Cir. 2014) (quoting *Moulton v. City of Beaumont*, 991 F.2d 227, 230 (5th

Cir. 1993)) (alterations omitted).  So long as "the employer acted with a specific

exercise of professional judgment in a non-arbitrary and non-capricious manner,"

there is no substantive due process violation.  *Babin*, 587 F. App'x at 112 (citing

*Spuler v. Pickar*, 958 F.2d 103, 107 (5th Cir. 1992)) (alteration omitted).  For

Coleman to prevail, the "bar is high . . . ."  *Jones v. La. Bd. of Sup'rs of Univ. of La.

Sys.*, 809 F.3d 231, 240 (5th Cir. 2015).

Coleman alleges that Miller's action in terminating her was arbitrary and

capricious, (Am. Compl. 5 (¶5), EF No. 1-2), but she pleads no facts to support this

conclusion.  Miller was authorized to reorganize the Department of Marine

Resources by termination or reassignment of employees.  The statute explicitly gave

him "flexibility" to make personnel decisions that would result in "an orderly,

effective and timely reorganization of the Department of Marine Resources."  Miss.

Code Ann. § 49-15-11(2).

Coleman draws conclusions about Miller's motivation for terminating her

from the timing of events, since her termination occurred shortly after she was

disciplined for leaving the workplace without authorization.  But Miller's

explanation of the reason for her termination during the exemption period was

simply that he deemed it to be in the best interest of the MDMR.  (Am. Compl. Ex.

A, ECF No. 7).  Coleman does not allege facts making it plausible that Miller's

decision to terminate her lacked any basis in fact or was made without professional

judgment.  *See Jones*, 809 F.3d at 240.  Coleman's allegations concerning denial of

substantive due process fail to state a claim.  Miller is entitled to qualified

immunity in regard Coleman's substantive due process claim.

**42 U.S.C. §§ 1985 & 1986 Claims**

Coleman alleges that the defendants violated 42 U.S.C. § 1985 by conspiring

to deprive or injure her "in her person, liberty or property, . . . with the intent to

deny her the equal protection of the laws."  (Am. Compl. 9-10 (¶¶ 24, 25), ECF No.

1-2).  This is a claim of violation of 42 U.S.C. § 1985(2).[1]  Section 1985(2) prohibits

---

[1] **(2) Obstructing justice; intimidating party, witness, or juror**
If two or more persons in any State or Territory conspire to deter, by force,
intimidation, or threat, any party or witness in any court of the United States from
attending such court, or from testifying to any matter pending therein, freely, fully,
and truthfully, or to injure such party or witness in his person or property on
account of his having so attended or testified, or to influence the verdict,
presentment, or indictment of any grand or petit juror in any such court, or to injure
such juror in his person or property on account of any verdict, presentment, or

conspiracies to deny any citizen equal protection of the laws or to injure a citizen for

his efforts to ensure the rights of others to equal protection.  42 U.S.C. § 1985(2).

Section 1986 penalizes those with knowledge of and the power to prevent § 1985

conspiracies who fail to do so.  42 U.S.C. § 1986; *Bryant v. Military Dep't of Miss.*,

597 F.3d 678, 687 (5th Cir. 2010).

"A violation under § 1985 requires 'class-based, invidiously discriminatory

animus behind the conspirator's action.'"  *Moffett v. Bryant*, 751 F.3d 323, 326 (5th

Cir. 2014) (quoting *Bryant*, 597 F.3d at 687)).  Coleman has pled no facts showing

that a class-based discriminatory animus was behind Miller's action.  At most, her

allegations demonstrate that the personal animus of an unspecified supervisor may

have motivated the disciplinary write-up and her termination by Miller.  But a

personal animus is inadequate to allege a § 1985 conspiracy.  *See Moffett*, 751 F.3d

at 326.

In her response brief, Coleman argues the equal protection issue by noting a

case in which a male fish and wildlife conservation officer was afforded much more

process prior to his termination than she was prior to her termination.  *Miss. Dep't*

*of Wildlife, Fisheries & Parks v. Bradshaw*, 196 So. 3d 1075 (Miss. Ct. App. 2016).

---

indictment lawfully assented to by him, or of his being or having been such juror; or
if two or more persons conspire for the purpose of impeding, hindering, obstructing,
or defeating, in any manner, the due course of justice in any State or Territory, with
intent to deny to any citizen the equal protection of the laws, or to injure him or his
property for lawfully enforcing, or attempting to enforce, the right of any person, or
class of persons, to the equal protection of the laws. . . .

However, the male officer in that case was employed by the Mississippi Department of Wildlife, Fisheries and Parks, not the MDMR. If Coleman is asserting that she suffered discrimination based on her gender class, she cannot show that she was similarly situated to the *Bradshaw* plaintiff; he was employed by a different agency that was not subject to the MDMR Accountability and Reorganization Act.

In addition to lacking allegations of a class-based animus, the Amended Complaint includes no allegations concerning a conspiracy, such as who Miller conspired with, or the object of the conspiracy. The Fifth Circuit has held that unsubstantiated and conclusory claims of discrimination under 42 U.S.C. § 1985 are without merit. *Hamilton v. Service King Auto Repairs*, 437 F. App'x 328, 329 (5th Cir. 2011) (unsubstantiated and conclusory claims of racial discrimination under 42 U.S.C. §§ 1985 and 1986 lacked merit). Conclusory allegations are all that Coleman has offered in support of her § 1985 claim, and they are insufficient to overcome Miller's qualified immunity defense. Accordingly, the § 1985 claims against Miller in his individual capacity fails.

"A valid § 1985 claim is a prerequisite to a § 1986 claim." *Bryan v. City of Madison,* 213 F.3d 267, 276 (5th Cir. 2000). Since Coleman has not stated a § 1985 claim, she fails to state a § 1986 claim as well. Miller is entitled to qualified immunity in regard to the §§ 1985 and 1986 claims.

**State Law Claims**

Miller argues that Coleman's claim for breach of contract is time-barred, and that he is entitled to statutory immunity under the Mississippi Tort Claims Act for

the remaining state law claims, which are based on the performance of discretionary functions.  As Coleman has not responded to these arguments, they will be treated briefly here.

In regard to the breach of contract claim, Coleman does not allege that she had a written employment contract.  The time limitation for bringing an action based on unwritten contract of employment is one year.  Miss. Code. Ann. § 15-1-29.  Coleman's termination was effective on October 9, 2014, giving her until October 9, 2015, to pursue a breach of contract claim.  This lawsuit was filed on April 6, 2016.  Coleman's breach of contract claim is therefore untimely and should be dismissed.

The remaining causes of action are intentional infliction of emotional distress, negligent infliction of emotional distress, and malicious interference with contract.  All are torts based on Miller's termination of Coleman's employment.  Miller argues that the Mississippi Tort Claims Act exempts him from liability for these claims, as he was acting in the course and scope of his employment when he terminated Coleman.  Specifically, the MTCA exempts "the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a governmental entity or employee thereof, whether or not the discretion be abused."  Miss. Code. Ann. § 11-46-9(1)(d).

Employment decisions are discretionary in Mississippi.  *Levens v. Campbell*, 733 So. 2d 753, 763-64 (Miss. 1999); *Suddith v. Univ. of So. Miss.*, 977 So. 2d 1158, 1179 (Miss. Ct. App. 2007).  The MDMR Accountability and Reorganization Act is an additional source of discretion granted to Miller in making the employment

decision Coleman challenges here.  *See* Miss. Code Ann. § 49-15-11(2).  Accordingly,

the MTCA exempts Miller from liability for Coleman's claims of intentional

infliction of emotional distress, negligent infliction of emotional distress, and

malicious interference with contract.  The claims will be dismissed.

CONCLUSION

After reviewing the allegations of the Amended Complaint, the Court finds

that they are insufficient to state claims against Jamie Miller under Fed. R. Civ. P.

12(b)(6) for the reasons set out above.  Although the Court will grant Miller's

Motion to Dismiss, the plaintiff should be given an opportunity to replead her

claims against him.  "[D]istrict courts often afford plaintiffs at least one opportunity

to cure pleading deficiencies before dismissing a case, unless it is clear that the

defects are incurable or the plaintiffs advise the court that they are unwilling or

unable to amend in a manner that will avoid dismissal."  *Great Plains Trust Co. v.*

*Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).  Therefore,

Plaintiff Coleman will be granted an opportunity to seek leave to file a second

amended complaint, should she wish to do so.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion [3] to

Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) filed by Defendant Jamie M. Miller, is

**GRANTED**.  Plaintiff's claims against Jamie M. Miller, in his individual and

official capacities, are **DISMISSED** for failure to state a claim.

**IT IS FURTHER ORDERED AND ADJUDGED** that the plaintiff may file

a motion for leave to file a second amended complaint on or before October 18, 2016,

attaching the proposed amended complaint as an exhibit.

        **SO ORDERED AND ADJUDGED** this the 4th day of October, 2016.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE